# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **GRAY WOLFE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**HANESBRANDS, INC.,**<br><br>*Defendant*. | **CASE NO.: 1:20-CV-660** |

## COMPLAINT AND JURY DEMAND

**NOW COMES** the Plaintiff, Gray Wolfe ("Wolfe"), complaining of the Defendant, Hanesbrands, Inc. ("Hanes"), and alleges the following to be true:

## STATEMENT OF THE CASE

1    This action concerns Defendant's unlawful denial of Wolfe's request for leave under the Family and Medical Leave Act ("FMLA"), resulting in its constructive discharge of Wolfe.

2    Each paragraph of this Complaint incorporates all others, and each exhibit is incorporated as though fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

3	Plaintiff is a resident of Forsyth County, North Carolina, and is neither a minor nor incompetent.

4	Defendant is a foreign corporation, organized and existing under the laws of the State of Maryland, and maintains a principal office in Forsyth County, North Carolina.

5	This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises out of the Family and Medical Leave Act, codified as 29 U.S.C. § 2601 *et seq*.

6	This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

>	6.1	Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;
>
>	6.2	N.C. Gen. Stat. § 1-75.4(1)(d), as Defendant was engaged in substantial business activity within this state) at the time service of process was made upon it; and/or
>
>	6.3	N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Wolfe's person or property.

7	Venue is proper in this Court pursuant to any/all of the following:

7.1    28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina; and/or

7.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

## FACTUAL ALLEGATIONS

8    Wolfe worked for Defendant from August 1990 through December 31, 2019. His final position was that of Supervisor for the Socks and Raw Receiving Departments.

9    In January 2019, Wolfe began experiencing mental health issues wholly or partially attributable to a high-pressure work environment requiring him to work six or seven days per week for several months at a time and which saw him as the only supervisor with multiple departments crossing multiple divisions.

10    Beginning in January 2019 (and at irregular intervals for the remainder of his employment), Wolfe informed Britton Smith ("Smith"), Defendant's Receiving Manager, that the workload was having an impact on his physical and psychological well-being.

11    Wolfe began seeing a psychiatrist in or around March 2019, where he was diagnosed with multiple mental health issues.

12      On June 18, 2019, Wolfe applied for intermittent FMLA leave with Defendant and submitted a Certification of Health Care Provider for Employee's Serious Health Condition, completed and signed by his psychiatrist, which certified that he required continuing care and may experience flare-ups that would prevent him from performing his job functions.

13      On June 24, 2019, Defendant denied Wolfe's request for intermittent FMLA leave without any request for additional documents or an explanation of why the request was denied.

14      Wolfe saw his mental health symptoms exacerbated as a result of this denial, resulting in multiple workplace incidents, including emotional breakdowns that left him unable to drive home.

15      Wolfe brought his worsening mental health condition to the attention of Defendant's HR Manager, who dismissed his concerns and threatened him by telling him that he would "never have another job" and that he was "unemployable."

16      In November 2019, Wolfe experienced a loss-of-time incident as a result of his worsening mental health condition, during which he collapsed onto the floor at his workplace and after which he was unable to recall anything which took place during the incident.

17      Following his loss of time, several employees of Defendant, including managers, told Wolfe they had noticed something had been wrong with him.

18      The day following his loss of time, Wolfe submitted his resignation to Defendant.

## FIRST CAUSE OF ACTION
### FMLA Interference—29 U.S.C. § 2601 *et seq.*

19      Wolfe worked for Defendant for over twelve months prior to his request for intermittent FMLA leave.

20      Wolfe worked at least 1250 hours in the 12 months preceding his request for intermittent FMLA leave.

21      Defendant employs more than 50 employees within a 75-mile radius of Wolfe's employment.

22      Wolfe requested intermittent FMLA leave to care for his own serious health condition.

23      Defendant denied Wolfe FMLA benefits to which he was entitled.

## SECOND CAUSE OF ACTION
### Constructive Discharge

24      Defendant unlawfully denied Wolfe's request for intermittent FMLA leave, resulting in a work environment that was so intolerable that Defendant knew that a reasonable employee in Wolfe's situation would be compelled to resign.

25      Defendant was aware of Wolfe's worsening mental health condition yet persisted in its refusal of Wolfe's request for FMLA leave, deliberately creating the intolerable working conditions that caused resignation.

## JURY DEMAND

26      Plaintiff requests a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court:

1      Find for the Plaintiff and against the Defendant on all causes of action raised herein;

2      Award Plaintiff with all available monetary damages in an amount to be proved at trial;

3      Award Plaintiff with all available equitable relief, or monetary damages to compensate Plaintiff in lieu of ongoing equitable relief;

4      Tax the costs of this action against the Defendant and award Plaintiff his reasonable attorney's fees; and

5      Grant all such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 17th day of July, 2020.*

/s/ **CRAIG HENSEL**
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, I electronically filed the foregoing Complaint and Jury Demand with the Clerk of Court using the CM/ECF system, and upon receipt of the completed Summons, will serve the following via US Mail, Certified, Return Receipt:

>Hanesbrands, Inc.
>c/o United Agent Group, Inc.
>15720 Brixham Hill Ave. #300
>Charlotte, NC 28277
>*Registered Agent for Defendant*

>/s/ **CRAIG HENSEL**
>*Attorney for Plaintiff*
>NC State Bar No. 40852
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>craig.hensel@hensellaw.com